# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

FILED
09 NOV 17 PM 3:48

SEEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DIST. OF CALIFORNIA

---

UNITED STATES OF AMERICA,

V.

CECILY TAYLOR,
a/k/a Cecily Bruno, and
ERNESTO FLORESCA

DEFENDANT(S).

---

# SUPERSEDING INDICTMENT

VIOLATIONS: 18 U.S.C. Section 1349 - Conspiracy to Commit Mail
Fraud and Wire Fraud; 18 U.S.C. Section 1341 - Mail Fraud;
18 U.S.C. Section 1343 - Wire Fraud;
18 U.S.C. Section 1028A(a)(1) - Aggravated Identity Theft;
18 U.S.C. Section 981(a)(1)(C) and
28 U.S.C. Section 2461 - Forfeiture of Fraud Proceeds

---

A true bill.

_____
Foreman

Filed in open court this _17th_ day of
_November 2009_.

_____
Clerk

_____
Bail, $ NO BAIL WARRANT - TAYLOR
NO PROCESS - FLORESCA

24

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☒ SUPERSEDING

───── **OFFENSE CHARGED** ─────

See Attachment to Penalty Sheet

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  See Attachment to Penalty Sheet

───── Name of District Court, and/or Judge/Magistrate Location ─────

FILED

09 NOV 17 PM 3: 49

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

───── **DEFENDANT - U.S.** ─────

▶ CECILY TAYLOR a/k/a Cecily Bruno

DISTRICT COURT NUMBER

CR 09-1012 JSW

───── **PROCEEDING** ─────

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form  JOSEPH P. RUSSONIELLO

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)  Kyle F. Waldinger

───── **DEFENDANT** ─────

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

☐ Federal  ☐ State

Has detainer  ☐ Yes   If "Yes"
been filed?   ☐ No   give date filed

DATE OF ▶   Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶   Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

───── **ADDITIONAL INFORMATION OR COMMENTS** ─────

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

Comments:

Bail Amount: $50,000

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:  Before Judge:

**Attachment to Penalty Sheet**
**United States v. Cecily Taylor a/k/a Cecily Bruno and Ernesto Floresca, CR 09-1012 JSW**

**Offenses Charged:**

Count One: 18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud and Wire Fraud

Counts Two through Seven: 18 U.S.C. § 1341 – Mail Fraud

Counts Eight through Fifteen: 18 U.S.C. § 1343 – Wire Fraud

Counts Sixteen through Nineteen: 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

Forfeiture Allegation

**Penalties:**

Counts One through Fifteen, per count: 20 years' imprisonment, $250,000 fine (or twice the gross gain or gross loss, whichever is greater), 3 years' supervised release, $100 special assessment

Counts Sixteen through Nineteen, per count: 2 year mandatory minimum consecutive sentence, 1 year supervised release, $100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT

☒ SUPERSEDING

─── OFFENSE CHARGED ───

See Attachment to Penalty Sheet

☐ Petty
☐ Minor
☐ Misde-
meanor
☒ Felony

PENALTY: See Attachment to Penalty Sheet

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA

RICHARD
CLERK, U.S.
NORTHERN DIST
3: 49

DEFENDANT - U.S

ERNESTO FLORESCA

DISTRICT COURT NUMBER
CR 09-1012 JSW

─── DEFENDANT ───

─── PROCEEDING ───

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
☐ U.S. ATTORNEY ☐ DEFENSE
}
SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under
}
MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on this form     JOSEPH P. RUSSONIELLO

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     Kyle F. Waldinger

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction                  }
☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    } If "Yes"
been filed?   ☐ No     give date
filed

DATE OF ▶           Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT     Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

**Attachment to Penalty Sheet**
**United States v. Cecily Taylor a/k/a Cecily Bruno and Ernesto Floresca, CR 09-1012 JSW**

## Offenses Charged:

Count One: 18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud and Wire Fraud

Counts Two through Seven: 18 U.S.C. § 1341 – Mail Fraud

Counts Eight through Fifteen: 18 U.S.C. § 1343 – Wire Fraud

Counts Sixteen through Nineteen: 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

Forfeiture Allegation

## Penalties:

Counts One through Fifteen, per count: 20 years' imprisonment, $250,000 fine (or twice the gross gain or gross loss, whichever is greater), 3 years' supervised release, $100 special assessment

Counts Sixteen through Nineteen, per count: 2 year mandatory minimum consecutive sentence, 1 year supervised release, $100 special assessment

1  JOSEPH P. RUSSONIELLO (CSBN 44332)          *FILED*
   United States Attorney
2                                               *09 NOV 17 PM 3: 47*
3                                               *RICHARD W. WIEKING*
                                                *CLERK, U.S. DISTRICT COURT*
4                                               *NORTHERN DISTRICT OF CALIFORNIA*

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11
   UNITED STATES OF AMERICA,        )    No. CR 09-1012 JSW
12                                   )
           Plaintiff,                )    VIOLATIONS: 18 U.S.C. § 1349 —
13                                   )    Conspiracy to Commit Mail Fraud and
           v.                        )    Wire Fraud; 18 U.S.C. § 1341 — Mail
14                                   )    Fraud; 18 U.S.C. § 1343 — Wire Fraud;
   CECILY TAYLOR,                    )    18 U.S.C. § 1028A(a)(1) — Aggravated
15   a/k/a Cecily Bruno, and         )    Identity Theft; 18 U.S.C. § 981(a)(1)(C)
   ERNESTO FLORESCA,                 )    and 28 U.S.C. § 2461 — Forfeiture of
16                                   )    Fraud Proceeds
           Defendants.              )
17                                   )    SAN FRANCISCO VENUE
                          _____)
18

19              SUPERSEDING INDICTMENT

20  The Grand Jury charges:

21                       BACKGROUND

22  At all times relevant to this Superseding Indictment:

23       1.    The defendant Cecily Taylor — who at that time also was known as Cecily

24  Bruno — was a real estate agent who also operated under a mortgage broker's license

25  held by another individual. Taylor was an officer and/or employee and principal of CNL

26  Investments, Inc. CNL Investments, Inc. was located in San Francisco, California.

27       2.    The defendant Ernesto Floresca was a tax preparer who conducted business

28  under the name E&F Income Tax in San Mateo County, California.

THE SCHEME

3.    As set forth more fully below, beginning on a date unknown to the Grand Jury, but no later than in or about 2004, and continuing until approximately 2007, both dates being approximate and inclusive, in the Northern District of California and elsewhere, the defendants,

CECILY TAYLOR,
a/k/a Cecily Bruno, and
ERNESTO FLORESCA,

and others known and unknown to the Grand Jury, did devise and intend to devise, and did participate in, a material scheme and artifice to defraud, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, which scheme and artifice is summarized in the paragraphs below.  In sum and substance, Taylor and Floresca participated in a scheme to generate fees by originating mortgage loans through the provision of materially false and misleading information to mortgage lenders.  To do so, the defendants caused and helped to cause materially false and fraudulent loan applications and supporting documentation to be sent and transmitted to mortgage lenders, in order to induce those mortgage lenders to fund loans to persons and at terms that the mortgage lenders otherwise would not have funded.

4.    As part of the scheme and artifice, the defendants Taylor and Floresca prepared W-2 forms, income tax returns, and other documents that purported to accurately represent the personal and financial information of the borrowers.  However, Taylor and Floresca fraudulently improved the creditworthiness of the borrowers by falsifying personal and financial information in such documents, which information was material to the mortgage lenders in making their lending decisions.

5.    As part of the scheme and artifice, Taylor requested that Floresca prepare W-2 forms, income tax returns, and other documents for her real estate and mortgage loan clients, and, in doing so, provided Floresca with the income amounts that she needed the clients to have in order to qualify for a mortgage loan at the desired terms.  Floresca then created W-2 forms, income tax returns, and/or other documents that reflected that income

1 amount. Taylor paid Floresca a set amount for each document that he created.

2     6. As part of the scheme and artifice, Floresca never met any of the borrowers
3 in whose names he prepared such W-2 forms, income tax returns, and other documents
4 prior to doing so. Instead, Floresca simply created those materials based on the
5 instructions he received from Taylor.

6     7. As part of the scheme and artifice, and as a result of the false information
7 provided by Taylor and Floresca, and others, mortgage lenders funded numerous
8 mortgage loans for home purchases in the San Francisco Bay area. Upon completion of
9 the real estate transactions, original copies of grant deeds and deeds of trust related to
10 each residential property were placed in the United States Mail by the respective county
11 government. The grant deeds were mailed to the buyer of the property at the address of
12 the purchased property, in accordance with the requesting title company's instructions on
13 the grant deed. The deeds of trust were mailed to the mortgage lender at its place of
14 business, in accordance with the mortgage lender's instructions on the deed of trust.
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  COUNT ONE: 18 U.S.C. § 1349 — Conspiracy to Commit Mail Fraud and Wire Fraud

2      8.      The factual allegations of ¶¶ 1 through 7 of this Superseding Indictment,

3  including those pertaining to the scheme and artifice described therein, are re-alleged and

4  incorporated herein as if set forth in full.

5      9.      Beginning on a date unknown to the Grand Jury, but no later than in or

6  about 2004, and continuing until approximately 2007, both dates being approximate and

7  inclusive, within the Northern District of California and elsewhere, the defendants,

8                              CECILY TAYLOR,
                              a/k/a Cecily Bruno, and
9                           ERNESTO FLORESCA,

10  and others known and unknown to the Grand Jury, did knowingly and intentionally

11  conspire to, and did, devise and participate in a material scheme and artifice to defraud as

12  to material matters, and to obtain money and property from, mortgage lenders, by means

13  of materially false and fraudulent pretenses, representations, and promises, and, for the

14  purpose of executing such scheme and artifice, did knowingly and intentionally cause

15  certain matters and things to be delivered by the United States Postal Service according to

16  the direction thereon, specifically, grant deeds and deeds of trust, in violation of Title 18,

17  United States Code, Section 1341, and did knowingly and intentionally cause to be

18  transmitted, in interstate commerce, by means of a wire communication, certain writings,

19  signs, and signals, specifically, wire transfers of funds related to mortgage loans, in

20  violation of Title 18, United Sates Code, Section 1343.

21      All in violation of Title 18, United States Code, Section 1349.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1 | COUNTS TWO THROUGH SEVEN: 18 U.S.C. § 1341 — Mail Fraud

2 | 10. The factual allegations of ¶¶ 1 through 7 of this Superseding Indictment,

3 | including those pertaining to the scheme and artifice described therein, are re-alleged and

4 | incorporated herein as if set forth in full.

5 | 11. On or about the dates set forth in the separate counts below, in the Northern

6 | District of California, for the purpose of executing the aforementioned scheme and

7 | artifice, and attempting to do so, the defendants,

8 | CECILY TAYLOR,
a/k/a Cecily Bruno, and
9 | ERNESTO FLORESCA,

10 | did knowingly cause to be delivered by the United States Postal Service according to the

11 | direction thereon mail matter containing grant deeds and deeds of trust related to real

12 | property, as more specifically described below:

| COUNT | DATE OF MAILING | ITEM MAILED |
|-------|-----------------|-------------|
| Two | 12/13/2004 | Deed of trust pertaining to real property located on "100" block of Lookout Court, Hercules, CA |
| Three | 02/25/2005 | Deed of trust pertaining to real property located on "15200" block of Ranger Road, San Leandro, CA |
| Four | 06/06/2005 | Deed of trust pertaining to real property located on "1000" block of Baywood Lane, Hercules, CA |
| Five | 06/06/2005 | Grant deed pertaining to real property located on "1000" block of Baywood Lane, Hercules, CA |
| Six | 07/08/2005 | Grant deed pertaining to real property located on "2800" block of Hosmer Street, San Mateo, CA |
| Seven | 07/08/2005 | Deed of trust pertaining to real property located on "2800" block of Hosmer Street, San Mateo, CA |

23 | All in violation of Title 18, United States Code, Section 1341.

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

SUPERSEDING INDICTMENT
CR 09-1012 JSW                    -5-

1 | COUNTS EIGHT THROUGH FIFTEEN: 18 U.S.C. § 1343 — Wire Fraud

2 | 12. The factual allegations of ¶¶ 1 through 7 of this Superseding Indictment,

3 | including those pertaining to the scheme and artifice described therein, are re-alleged and

4 | incorporated herein as if set forth in full.

5 | 13. On or about the dates set forth in the separate counts below, in the Northern

6 | District of California, and elsewhere, for the purpose of executing the aforementioned

7 | scheme and artifice, and attempting to do so, the defendants,

8 |
9 |

CECILY TAYLOR,
a/k/a Cecily Bruno, and
ERNESTO FLORESCA,

10 | did knowingly cause to be transmitted, in interstate commerce, by means of a wire

11 | communication, certain writings, signs, and signals, specifically, wire transfers of funds,

12 | as more specifically described below:

| COUNT | DATE | POINT OF ORIGIN | POINT OF RECEIPT | NATURE OF WIRE COMMUNICATION |
|---|---|---|---|---|
| Eight | 12/10/2004 | New York | California | Wire transfer of approximately $584,370.10 related to funding of loan for real property located on "100" block of Lookout Court, Hercules, CA |
| Nine | 12/10/2004 | New York | California | Wire transfer of approximately $142,638.66 related to funding of loan for real property located on "100" block of Lookout Court, Hercules, CA |
| Ten | 02/24/2005 | New York | California | Wire transfer of approximately $610,478.20 related to funding of loan for real property located on "15200" block of Ranger Road, San Leandro, CA |
| Eleven | 02/24/2005 | New York | California | Wire transfer of approximately $150,652.58 related to funding of loan for real property located on "15200" block of Ranger Road, San Leandro, CA |
| Twelve | 06/03/2005 | New York | Colorado | Wire transfer of approximately $511,042.51 related to funding of loan for real property located on "1000" block of Baywood Lane, Hercules, CA |
| Thirteen | 06/03/2005 | New York | Colorado | Wire transfer of approximately $123,185.17 related to funding of loan for real property located on "1000" block of Baywood Lane, Hercules, CA |

| COUNT | DATE | POINT OF ORIGIN | POINT OF RECEIPT | NATURE OF WIRE COMMUNICATION |
|-------|------|-----------------|------------------|------------------------------|
| Fourteen | 07/07/2005 | New York | Colorado | Wire transfer of approximately $647,804.45 related to funding of loan for real property located on "2800" block of Hosmer Street, San Mateo, CA |
| Fifteen | 07/07/2005 | New York | Colorado | Wire transfer of approximately $156,251.07 related to funding of loan for real property located on "2800" block of Hosmer Street, San Mateo, CA |

All in violation of Title 18, United States Code, Section 1343.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

1 | COUNT SIXTEEN: 18 U.S.C. § 1028A(a)(1) — Aggravated Identity Theft

2 | 14. The factual allegations in ¶¶ 1 through 7, ¶ 11, and ¶ 13 of this Superseding
3 | Indictment, including the scheme and artifice described therein, are re-alleged and
4 | incorporated herein as if set forth in full.

5 | 15. On or about December 8, 2004, in the Northern District of California, the
6 | defendants,

7 | CECILY TAYLOR,<br>a/k/a Cecily Bruno, and<br>ERNESTO FLORESCA,
8 |

9 | did knowingly possess and use, without lawful authority, a means of identification of
10 | another person, namely, the name and social security number of the real individual
11 | "M.C.A.," placed by Floresca on false and fraudulent earnings statements and W-2 forms
12 | that he created, as requested by Taylor, and then provided by Floresca to Taylor, during
13 | and in relation to felony violations of Title 18, United States Code, Sections 1341, 1343
14 | and 1349, as alleged in Counts One, Two, Eight, and Nine of this Superseding
15 | Indictment.

16 | All in violation of Title 18, United States Code, Section 1028A(a)(1).

17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

1 | COUNT SEVENTEEN: 18 U.S.C. § 1028A(a)(1) — Aggravated Identity Theft

2 | 16. The factual allegations in ¶¶ 1 through 7, ¶ 11, and ¶ 13 of this Superseding

3 | Indictment, including the scheme and artifice described therein, are re-alleged and

4 | incorporated herein as if set forth in full.

5 | 17. On or about and between February 15, 2005, and February 23, 2005, in the

6 | Northern District of California, the defendants,

7 | CECILY TAYLOR,
  | a/k/a Cecily Bruno, and
8 | ERNESTO FLORESCA,

9 | did knowingly possess and use, without lawful authority, a means of identification of

10 | another person, namely, the name and social security number of the real individual

11 | "R.A.," placed by Floresca on false and fraudulent federal income tax returns that he

12 | created, as requested by Taylor, and then provided by Floresca to Taylor, during and in

13 | relation to felony violations of Title 18, United States Code, Sections 1341, 1343 and

14 | 1349, as alleged in Counts One, Three, Ten, and Eleven of this Superseding Indictment.

15 | All in violation of Title 18, United States Code, Section 1028A(a)(1).

16 | ///

17 | ///

18 | ///

19 | ///

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

1  COUNT EIGHTEEN:  18 U.S.C. § 1028A(a)(1) — Aggravated Identity Theft

2  18.  The factual allegations in ¶¶ 1 through 7, ¶ 11, and ¶ 13 of this Superseding

3  Indictment, including the scheme and artifice described therein, are re-alleged and

4  incorporated herein as if set forth in full.

5  19.  On or about and between May 15, 2005, and May 31, 2005, in the Northern

6  District of California, the defendants,

7                              CECILY TAYLOR,
                              a/k/a Cecily Bruno, and
8                            ERNESTO FLORESCA,

9  did knowingly possess and use, without lawful authority, a means of identification of

10  another person, namely, the name and social security number of the real individual

11  "M.C.A.," placed by Floresca on false and fraudulent earnings statements and W-2 forms

12  that he created, as requested by Taylor, and then provided by Floresca to Taylor, during

13  and in relation to felony violations of Title 18, United States Code, Sections 1341, 1343,

14  and 1349, as alleged in Counts One, Four, Five, Twelve, and Thirteen of this Superseding

15  Indictment.

16  All in violation of Title 18, United States Code, Section 1028A(a)(1).

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

COUNT NINETEEN:  18 U.S.C. § 1028A(a)(1) — Aggravated Identity Theft

20.    The factual allegations in ¶¶ 1 through 7, ¶ 11, and ¶ 13 of this Superseding Indictment, including the scheme and artifice described therein, are re-alleged and incorporated herein as if set forth in full.

21.    On or about June 20, 2005, in the Northern District of California, the defendants,

CECILY TAYLOR,
a/k/a Cecily Bruno, and
ERNESTO FLORESCA,

did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name and social security number of the real individual "P.L.," placed by Floresca on false and fraudulent income tax returns that he created, as requested by Taylor, and then provided by Floresca to Taylor, during and in relation to felony violations of Title 18, United States Code, Sections 1341, 1343, and 1349, as alleged in Counts One, Six, Seven, Fourteen, and Fifteen of this Superseding Indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

///
///
///
///
///
///
///
///
///
///
///
///
///

1 | FORFEITURE ALLEGATION: 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461

2 |     22.    All of the allegations contained in this Superseding Indictment are re-

3 | alleged and by this reference fully incorporated herein for the purpose of alleging

4 | forfeiture pursuant to the provisions of Title 18, United States Code, Section

5 | § 981(a)(1)(C).

6 |     23.    Upon a conviction for the offenses alleged in Counts One through Fifteen

7 | above, the defendants,

8 | CECILY TAYLOR,
    a/k/a Cecily Bruno, and
9 | ERNESTO FLORESCA,

10 | shall forfeit to the United States any property, real or personal, which constitutes or is

11 | derived from proceeds traceable to said offenses, including but not limited to a sum of

12 | money equal to the total proceeds from the commission of said offenses.

13 |     24.    If, as a result of any act or omission of the defendant, any of said property

14 | a.    cannot be located upon the exercise of due diligence;

15 | b.    has been transferred or sold to or deposited with, a third person;

16 | c.    has been placed beyond the jurisdiction of the Court;

17 | d.    has been substantially diminished in value; or

18 | e.    has been commingled with other property which cannot be divided without

19 |     difficulty;

20 | any and all interest defendant has in any other property up to the value of the property

21 | described in paragraph 11 above, shall be forfeited to the United States pursuant to Title

22 | 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States

23 | Code, Section 2461.

24 | All in violation of Title 18, United States Code, Sections 981(a)(1)(C), 1341, 1343, 1349;

25 | / / /

26 | / / /

27 | / / /

28 | / / /

SUPERSEDING INDICTMENT
CR 09-1012 JSW           -12-

Title 28, United States Code, Section 2461; and Rule 32.2 of the Federal Rules of
Criminal Procedure.

DATED:

Nov 17, 2009

A TRUE BILL.

FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

GREGG W. LOWDER
Chief, Major Crimes Section

(Approved as to form:                    )
AUSA WALDINGER